

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Joseph J. Manning,<br><br>Debtor | Chapter 13<br>24-12253-CJP |

## ORDER ON MOTION FOR RELIEF FROM STAY

The *Motion for Relief from the Automatic Stay* [ECF No. 60] (the "Motion") of U.S. Bank National Association, as Trustee for Merrill Lynch Mortgage InvestorsTrust, Mortgage Loan Asset-Backed Certificates, Series 2006-OPT1 (the "Movant") having come before the Court, due notice appearing to have been given, no objection having been filed by the debtor, Joseph J. Manning (the "Debtor"), and good cause appearing for the relief requested, including that the Movant has demonstrated a colorable claim with respect to the property described below as contemplated by *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33-34 (1st Cir. 1994), the Motion is granted as set forth herein, and it is hereby ORDERED that

1. The Movant, including its successors and assigns, is granted relief from the automatic stay provisions of 11 U.S.C. § 362 and the co-debtor stay provisions of 11 U.S.C. § 1301 to allow it to exercise its rights under its mortgage to conduct a foreclosure sale with respect to the property located at 59 Keene Road, Acushnet, MA 02743, as more particularly described in the Motion, and apply the proceeds from any sale of such property to the Debtor's loan balance secured by such mortgage, or accept a deed in lieu of foreclosure on the property, and, if necessary, bring eviction proceedings against the Debtor. Nothing in this Order shall affect any obligation of the Movant to comply with applicable state and federal law in enforcing any rights or remedies.

2. The Movant shall provide the trustee and the Debtor with an accounting regarding the sale within 30 days of the sale and all surplus funds after satisfaction of Movant's mortgage, if any, obtained by the Movant shall be remitted to the trustee upon written request by the trustee or as may be directed by further order of the Court absent written direction provided by the trustee.

3. The Court denies the Movant's request to waive the fourteen-day stay of this Order pursuant to Fed. R. Bankr. P. 4001(a)(4) as sufficient cause has not been stated.

Dated: 05/15/2026

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge